# WOODSON *v.* McCUNE.

IN ejectment for a tract of land—plaintiff claiming under a deed from one McDowell—the case turned upon the question whether plaintiff, at the time of his purchase from McDowell, had notice of a prior verbal sale of the land from McDowell to defendant.   The jury to whom this question had been submitted in special issues, returned a verdict—"If possession was notice, he had :" *Held,* that this finding is insufficient, because equivocal—neither finding directly the fact of possession, nor the time of it, nor the kind of possession.

The rule in *Hunter* v. *Watson & Vance* (12 Cal. 363) as to possession being notice of a sale or conveyance, is not confined to the case of an unrecorded deed, but applies as well to any other title consistent with the possession.

This Court refused in this case to render judgment in favor of defendants upon the findings, on the ground that the verdict does not find the facts in issue with sufficient distinctness.

APPEAL from the Seventh District.

Ejectment for a tract of land in Marin. The complaint con_ tains the usual averments, dating plaintiff's title Nov. 22d, 1858, and also further avers that on the seventeenth of December, 1856, one McDowell was, and for a long time prior had been in the actual possession and occupancy of the premises; that he then leased them to defendant McCune for one year, for two hundred and fifty dollars, which was paid in advance, defendant entering under the lease; and that at the expiration of the year the lease was renewed on the same terms, and continued in possession; that Nov. 22d, 1858, McDowell and wife deeded the land to plaintiff, who demanded possession of defendant on the seventeenth of December following, which was refused. Prayer for possession and two hundred and fifty dollars rents and profits, and three hundred dollars damages.

The answer denies all these allegations, and avers that December 17th, 1858, defendant went into possession of the premises and has remained in possession ever since; that in April, 1858, one Bowman, one of the owners of the rancho known as "Blucher Rancho," upon which the premises are situated, had commenced an action of ejectment for the premises against McDowell, who was residing thereon with his wife and this defendant; that McDowell and wife, fearing that Bowman would recover in his suit, left the possession of the land and gave up to defendant, who remained in possession, whatever right they had to the same; that in order to defend the Bowman suit, it was necessary to purchase an interest in the rancho from the heirs of one Smith, the original grantee, and to employ counsel; that McDowell, having no confidence in his success in the suit, agreed with defendant that if he would pay to the "Settlers' League,"—of which McDowell was a member, and the object of which was to employ counsel and to buy the title from the heirs of Smith—whatever sums were assessed to McDowell, he would give

defendant possession of the premises and the same should become his property; that defendant paid the assessments against McDowell, he assenting to their correctness, and then and there selling out and giving up possession to defendant and removing from the premises; that defendant is the owner and entitled to possession, and that McDowell, long before his deed to plaintiff, had abandoned and given up the premises to defendant.

The case was submitted to the jury with directions from the Court to find a general verdict in the form in which it was found, and also a special verdict upon the following questions:

1st. "Did Geo. W. Woodson, the plaintiff, have notice of the sale of the premises mentioned in the complaint from Alexander McDowell to Thomas McCune, the defendant, prior to the deed from McDowell to Woodson, the plaintiff?"

*Ans.*—"If possession was notice, he had."

2d. "When was the deed from Alexander McDowell and wife executed and delivered to the plaintiff?"

*Ans.*—"Deed executed on Nov. 12th, A. D. 1859."

3d. "Did any covenant or agreement on the part of Thomas McCune, the defendant, remain to be done or performed on his part?"

*Ans.*—"No."

4th. "Was Thomas McCune, the defendant, in possession of the premises described in plaintiff's complaint at the time of the execution and delivery of the deed from Alexander McDowell to Geo. W. Woodson, the plaintiff?"

*Ans.*—"Yes."

5th. "Did the defendant go into the possession of the land as tenant of McDowell? if so, when?"

*Ans.*—"He did, November, 1856."

6th. "When did the lease from McDowell to defendant expire?"

*Ans.*—"At the time of purchase."

7th. "Did defendant continue in possession as tenant of McDowell until the expiration of the lease?"

*Ans.*—"No."

8th. "Did McDowell sell the premises conditional to defendant, and if so, when?"

*Ans.*—" He did, by paying the assessments."

9th. " Did McDowell sell and convey the premises to plaintiff, and if so, when ?"

*Ans.*—" He did, on the twelfth of November, A. D. 1859."

10th. " Did the plaintiff before the twenty-second of November, 1858, have notice of any lien, sale or other agreement between defendant and McDowell ?"

*Ans.*—" If possession was notice, he had."

11th. " What was the value of the use and occupation of the premises from the time defendant's lease expired until the commencement of this action ?"

*Ans.*—" Three hundred and eighty-seven and a half dollars."

12th. " Did plaintiff demand the possession of the premises from defendant ; if so, when ? "

*Ans.*—" He did, Dec. 17th, 1858."

13th. " Did Alexander McDowell and Thomas McCune, the defendant, make a contract by which the lease made between them was determined in the month of December, 1858 ?"

*Ans.*—" Yes."

14th. " Did Alexander McDowell make a parol contract with Thomas McCune, the defendant, selling him the lands mentioned in the plaintiff's complaint in the month of December, 1858 ?"

*Ans.*—" Yes."

15th. " Did the defendant Thomas McCune go into possession of the premises mentioned in the plaintiff's complaint under said parol contract ? "

*Ans.*—" Yes."

16th. " Did Thomas McCune, the defendant, pay to Alexander McDowell, or to any other person for him, the whole consideration agreed upon between them for the premises mentioned in the complaint ; if so, how much was it ? "

*Ans.*—" He did, by paying ninety-eight dollars and twenty cents ?"

17th. " Was Thomas McCune after the month of December, 1858, in possession of the premises mentioned in the complaint as tenant of McDowell ?"

*Ans.*—" No."

18th. "If not in possession as tenant, was he in possession under said contract of sale?"

*Ans.*—"Yes."

The general verdict was: "We, the jury, etc., find plaintiff is entitled to recover possession of the lands described in the complaint, and to a judgment in damages for the use and occupation of the same of three hundred and eighty-seven dollars and fifty cents; and we further find as replies to the special issues submitted to us, and numbered from one to eighteen respectively, the several answers which follow immediately after said questions."

The Court gave plaintiff judgment for possession and damages; defendant excepting, and stating as his ground of appeal mainly that the Court erred in giving judgment for plaintiff on the general verdict instead of entering judgment for defendant on the special verdict.

*Crockett & Crittenden,* for Appellant.

The respondent's argument is addressed altogether to the question whether or not the special verdict is sufficient to authorize a judgment for the defendant. It is a virtual admission that the judgment entered for the plaintiff is erroneous and must be reversed.

But we insist that the judgment should not only be reversed, but that a judgment should be ordered to be entered for the defendant upon the special verdict.

The general verdict and the special verdict are inconsistent, and in such a case the latter must control. (Practice Act, secs. 174, 175.)

McCune having paid the purchase money, remained in possession as purchaser, and assumed a liability to Bowman. It would be a fraud on him to treat him as a trespasser, or to consider the parol contract of sale as void. (2 Story's Eq. sec. 761; Browne on the Statute of Frauds, sec. 463, 464, 465.)

"The general rule is that possession of land is notice to the purchaser of the possessor's title." (4 Kent's Com. 179; *Troup* v. *Hurlbut,* 10 Barb. 358; *Grimstone* v. *Carter,* 3 Paige, 423; *Goveneur* v. *Lynch,* 2 Id. 300; and numerous cases cited in argument in *Hunter* v. *Watson,* 12 Cal. 363.)

The opinion in *Bird* v. *Dennison*, 7 Cal. 306, cannot be considered as narrowing this rule.   Nor can *Hunter* v. *Watson*, in which the Court only lays down the rule in terms broad enough to cover the facts of the case, without intending to impose any restriction upon it.   Certainly the Court never intended to say that possession was never to be regarded as notice, unless taken under an unrecorded deed.

This Court has applied the rule in cases strictly analogous to the present.   (*Ellis* v. *Jeans*, 7 Cal. 415 ; *Bird* v. *Dennison*, 7 Id. 308 ; *Bryan* v. *Ramirez*, 8 Id. 467 ; *Bird* v. *Lisbros*, 9 Id. 6.)

The special verdict is sufficient.   All the findings taken together show the nature, character and time of commencement of the defendant's possession, and the plaintiff's knowledge of it.

McDowell was a settler on the land.   He had a bare possession. The effect of his dealing with the defendant was in law an abandonment of his possession.   When he subsequently conveyed to the plaintiff, he had no interest to convey.   (*Bequette* v. *Caulfield*, 4 Cal. 278 ; *Bird* v. *Lisbros*, 9 Id. 5, 6.)

The defendant may so assert, though he entered originally as McDowell's tenant.   He does not deny that McDowell had title, but asserts that his title had ceased.   And in this view of the case it was an immaterial issue whether the plaintiff, when he took his deed, had or had not notice of the defendant's equitable title.

*Tod. Robinson*, for Respondent.

I.   A special verdict should present only conclusions of fact. (Practice Act, sec. 174.)

II.   No instrument can be drawn to support a defective special verdict.   (*Lawrence* v. *Beaubien*, 2 Bailey, 623 ; *Lee* v. *Campbell*, 4 Porter, 198 ; *Turnell* v. *Watson*, 2 Munf. 283 ; *Seaward* v. *Jackson*, 8 Cow. 406 ; *La Frombois* v. *Jackson*, Id. 589 ; *Blank* v. *Foushee*, 4 Munf. 61 ; 11 Wheat. 415 ; 10 Bac. Abr. 312.)

III.   Possession is not conclusive, but only presumptive notice of the occupant's claim.   (*Bird* v. *Dennison*, 7 Cal. 306 ; *Stafford* v. *Lick*, Id. 489 ; 3 Pick. ; 5 Id. ; *Harris* v. *Wiel*, 8 Green. 77, 99 ; 2 Sumner, 556.)

IV.   To the inquiry if the plaintiff had notice, the answer of the

jury was: "If possession is notice, he had." This finding cannot support a judgment. (Gould's Pleading, 525; *Black's Lessee* v. *Davis*, 20 Ohio, 249; *Hambleton* v. *Dempsey*, Id. 168; 2 Coms. 401; 1 Id. 522; 6 Richardson, 54; 2 Swan, 399; 20 How. [U. S.] 432.)

V. The special verdict is inconsistent and vague. (*Thayer* v. *Society of United Brethren*, 20 Penn. [8 Harris] 62–63.)

VI. The facts found in the special verdict do not take the defendant's case out of the Statute of Frauds. (2 Story's Eq. Jur. secs. 760, 761; 4 Kent, 494 [Marg. 451]; *Johnson* v. *Glancy*, 4 Black, [Ind.] 93; *Allen's estate*, 1 Watts & S. 383; *McKee* v. *Phillips*, 9 Watts, 85; *Jackson* v. *Cartwright*, 5 Munf. 308; *Mialhi* v. *Lassabe*, 4 Ala. 712; *Church of the Advent* v. *Farrow*, 7 Rich. Eq. 378; *Letcher* v. *Crosby*, 2 A. K. Marsh. 106; *Wilber* v. *Paine*, 1 Ham. [Ohio] 252; *Townsend* v. *Sharpe*, 2 Overt. [Tenn.] 192; Brown on the Statute of Frauds, sec. 477.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The judgment must be reversed. The special finding is insufficient on the question of notice by Woodson, of the sale from McDowell to McCune. The answer of the jury to the issue presented was in this form: "Yes, if the possession is notice." But this response is too equivocal; it neither directly finds the fact of possession, nor the time of it, nor the kind of possession.

We are asked to render judgment here upon the findings in favor of the defendants; but apart from other objections, we think the verdict does not so distinctly find the facts put in issue as to warrant us in so ordering. (See tenth and eleventh issues and findings.)

In respect to the question of notice of a sale or conveyance, as furnished by possession, we need only refer to the previous decisions of this Court. *Hunter* v. *Watson* (12 Cal. 363) was not designed to confine the application of the principle to an unrecorded deed; but the same rule would apply as well to any other title consistent with the possession. (See *Bryan* v. *Ramirez*, 8 Cal. 461.)

Judgment reversed and cause remanded for a new trial.

On petition for rehearing, the opinion was rendered by the same Justices as follows:

The general verdict was not rendered by their own volition by the jury, but merely by the order of the Court, and that apart from the special findings upon disputed facts.